Coos,
No. 5243.

NATIONAL GRANGE MUTUAL INSURANCE COMPANY

*v.*

PHILIP GERVAIS *& a.*

Argued September 10, 1964.
Decided October 6, 1964.

*Hinkley & Donovan (Mr. Walter D. Hinkley* orally), for the plaintiff.

*Sheehan, Phinney, Bass, Green & Bergevin* and *Joseph F. Devan* (*Mr. Devan* orally), for the defendants.

DUNCAN, J.  The accident which gives rise to these proceedings occurred in Lennoxville, P. Q., Canada, on September 2, 1961, while the defendant Gervais was operating a 1954 Dodge loaned to him on August 23, 1961, by a Colebrook garage operator named MacLean for use while Gervais' automobile was being repaired.  Gervais, a resident of Colebrook, was employed in North Stratford, and the Dodge was furnished to him for his general use including transportation to and from work.  There was evidence that it was furnished with no restriction upon its use;  other evidence that he was forbidden to take the car to Canada;  and still other evidence that he was told by the owner that he "would rather not have him take [the] car into Canada," and did not want him to take it to the "Half-Way House," an establishment over the Canadian line also known as the "Line-House" where liquors were served.

The defendant Employers' Liability Assurance Corporation excepted to the following findings of the Trial Court:

"The Court finds that no mileage or geographic or use restrictions were imposed when the car was furnished, or subsequently — other than those relating to the "Line-House."

"The Court finds that MacLean in substance, if not in these

exact words, stated that he would rather not have Gervais drive in Canada. It is found that this expression is not to be interpreted as a complete restriction upon driving in Canada. It was uttered in connection with the explicit injunction of not driving to the 'Line-House' in Canada. The Court finds that the Dodge car was operated on September 2, 1961 with the implied consent of MacLean."

The policy issued by the plaintiff to the defendant Gervais insured him against liability arising out of his use of other automobiles, subject to a provision that such insurance "shall be excess insurance over any other valid and collectible insurance." At the time of the accident the automobile which Gervais was operating was insured by MacLean's garage policy issued by Employers', which furnished coverage to Gervais "provided the actual use of the automobile [was] by the named insured or with his permission." Thus the chief issue presented turns upon the question of whether the findings of the Trial Court quoted above were warranted by the evidence.

Examination of the record indicates that they were. Gervais testified that the Dodge was loaned to him by MacLean after he told MacLean that he needed a car to go back and forth to work; and that nothing was said to him about not operating it in Canada. MacLean, on the other hand, testified that he told Gervais he could use the car around Colebrook, but that he "didn't want him to go up in Canada." He gave as the reason that "a lot of the fellows go up to Halfway [House] . . . and coming back they are involved in accidents."

The defendant Lynch testified that no restrictions were placed by MacLean on Gervais' use of the car, denied that he had previously stated that MacLean said he "would rather not have [Gervais] take the car into Canada," but testified that MacLean "didn't want him to go to the Halfway [House]."

It was undisputed that the defendants Gervais and Lynch did not go to Halfway House, but went to Sherbrooke, some distance beyond the Canadian line, and approximately fifty miles from Colebrook; and that the accident occurred in Lennoxville, two miles south of Sherbrooke. There was no evidence that intoxicating liquors played any part in causing the accident.

"From the evidence as a whole we think that the [Court] could properly find that the use being made of the automobile when the accident occurred was impliedly . . . a permitted use. *Standard &c. Ins. Co.* v. *Gore*, 99 N. H. 277." *Mass. Bonding &c.*

*Co.* v. *Burrows Motor Co.*, 104 N. H. 417, 422. See also, *Peerless Ins. Co.* v. *Travelers Ins. Co.*, 104 N. H. 411, 415, 416.

*Exceptions overruled.*

All concurred.